**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MIKEL KINDER, JR.,

    Petitioner - Appellant,

v.

MICHAEL MILLER, Warden,

    Respondent - Appellee.

No. 25-5098
(D.C. No. 4:24-CV-00448-SEH-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Mikel Kinder, Jr., a state prisoner in Oklahoma appearing pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's dismissal as time-barred his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

In 2006, an Oklahoma jury found Mr. Kinder guilty of first-degree murder.  The court sentenced him to life imprisonment without the possibility of parole.  The

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because he is pro se, Mr. Kinder's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence, which became final on November 20, 2007. From 2008 to 2024, Mr. Kinder sought state habeas relief in six separate petitions for postconviction relief (PCR), each unsuccessful. His fifth PCR petition was pending from September 11, 2020 (when he filed it) to September 8, 2022 (when the OCCA affirmed its denial by the state district court), and his sixth was pending from January 24, 2023 (filed) to March 27, 2024 (denial affirmed).

He filed the instant habeas petition in federal court on September 23, 2024. In it, he argued that an affidavit executed by trial witness Christina Melendez on May 7, 2020, in which she recanted portions of her trial testimony, warranted habeas relief. He further argued that he had attempted to present his argument based on the Melendez affidavit in his fifth state PCR petition, but that his postconviction counsel removed the claim from that petition against his wishes and that he therefore first presented that argument in state court in his sixth state PCR petition.

The district court dismissed the petition because it was untimely under 28 U.S.C. § 2244(d)(1) and denied a COA. This COA Application followed.

To appeal the denial of his § 2254 petition, Mr. Kinder must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Under § 2244(d)(1), a prisoner has until one year following the latest of four events to file a § 2254 petition. Those events include:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). Mr. Kinder's conviction was over eleven years old, and he did not allege an unconstitutional state impediment or a newly recognized constitutional right. He instead alleged that, under subsection (D), the Melendez affidavit created a new trigger date for the one-year statute of limitations.

But even accepting that premise and setting May 7, 2020 (the affidavit date) as the limitations trigger date under § 2244(d)(1)(D), and even tolling the time periods in which Mr. Kinder's fifth *and* sixth PCR petitions were pending before the OCCA affirmed them, his habeas petition was *still* untimely. That is, as of March 27, 2024, when the OCCA affirmed the denial of his sixth PCR petition, Mr. Kinder had 100 days remaining—to July 5, 2024—to file a § 2254 petition.[2] He did not file his § 2254

---

[2] The 100 days comes from the 365-day time limit under § 2244(d)(1), less 127 days between the date of the Melendez affidavit and the filing of the fifth state PCR petition, and less 138 days between when the OCCA affirmed the denial of that petition and Mr. Kinder filed his sixth state PCR petition (365-127-138 = 100).

petition until September 23, 2024, so the district court was correct to conclude it was time-barred.

And, even if Mr. Kinder had timely filed his § 2254 petition, "an assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001). So, the district court did not err when it dismissed the petition. No reasonable jurist could conclude otherwise.

We deny a COA and dismiss this matter. We grant Mr. Kinder's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court


Bobby R. Baldock
Circuit Judge